Peter H. Cooper (PHC4714)
CILENTI & COOPER, PLLC
200 Park Avenue – 17th Floor
New York, New York 10166
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Co-counsel for Plaintiff*

Joseph Jeziorkowski, Esq. (JJ9190)
VALIANT LAW
75 S. Broadway – Suite 400
White Plains, New York 10601
T. (914) 595-6702
F. (909) 677-2290
*Co-counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SABREENA SINGH, on behalf of herself, and other similarly situated employee, | Case No.: 21 CV 4878 |
| Plaintiff, | **COMPLAINT in an FLSA ACTION** |
| - against - | |
| CITIZENS OPTIONS UNLIMITED, INC., NYSARC, INC., and ANNEMARIE POLLARD, MARY GILLERAN, and KAREN TANZILLO, individually, | ECF CASE |
| | **Jury Trial Demand** |
| Defendants. | |

---

Plaintiff, Sabreena Singh ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC and Valiant Law, files this Complaint against Defendants, Citizens Options Unlimited, Inc. (hereinafter "Citizens"), NYSARC, Inc. (hereinafter "NYSARC"), and Annmarie Pollard, Mary Gilleran, and Karen Tanzillo, individually (all defendants, collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), she is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (3) pre-judgment and post-judgment interest; and, (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Suffolk County, New York.

6. Upon information and belief, Defendant, Citizens, was and is a domestic not-for-profit corporation, existing under the laws of the State of New York, with administrative offices and its principal place of business located at 189 Wheatley Road, Brookville, New York 11545.

7. Upon information and belief, Defendant, NYSARC, was and is a domestic not-for-profit corporation, existing under the laws of the State of New York, with administrative

offices and its principal place of business located at 2900 Veterans Memorial Highway, Bohemia, New York 11716.

8.  Defendant, Annmarie Pollard, is an assistant director of operations and managing agent of Citizens, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Citizens and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Citizens.

9.  Defendant, Mary Gilleran, is a director of Citizens' intermediate care facility and an official, officer, director and/or managing agent of Citizens, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Citizens and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Citizens.

10. Defendant, Karen Tanzillo, is a senior director of Citizens' intermediate care facility and an official, officer, director and/or managing agent of Citizens, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Citizens and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Citizens.

11. Upon information and belief, the corporate defendant, Citizens, is a successor entity to NYSARC, and they employed Plaintiff and other similarly situated employees continuously, commencing in 2009 through present.

12. Upon information and belief, in or around July 2019, defendant Citizens, acquired and has continued, without interruption or substantial change, the operations of the predecessor entity, and is liable for the debts and liabilities of its predecessor.

13. Plaintiff has been employed by the defendants in Suffolk County, New York holding the title "Qualified Intellectual Disability Professional" or "QIDP", working as a case coordinator, since December 2014, through present.

14. Plaintiff took short leaves of absence for personal or medical reasons on or around April 28, 2020 through early August 2020; during approximately two (2) weeks in December 2020; and during approximately two (2) weeks in April 2021.

15. At all relevant times, Citizens and NYSARC, have been and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

16. At all relevant times the work performed by Plaintiff was directly essential to the operations of Citizens and NYSARC.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages and overtime compensation, in contravention of the FLSA and New York Labor Law.

18. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

19. The individual defendants exercised control over the terms and conditions of Plaintiff's employment in that they had and have the power to: (i) hire and fire employees, (ii)

determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of the employees' employment.

20. The individual defendants had the power to and in fact did supervise Plaintiff, including supervising and approving her hours, leaves of absence, and setting her pay.

21. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendants, both separately and jointly were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

22. In or about 2009, Plaintiff, Sabreena Singh, was initially hired by Defendant NYSARC, to work as an overnight supervisor, for Defendants' not-for-profit organization which provides support and services to intellectually and developmentally disabled individuals.

23. Since 2014, Plaintiff Sabreena Singh has worked in the role as a QIDP, or case coordinator, coordinating the care of persons supported by the multidisciplinary services offered by Citizens and, previously, NYSARC.

24. In her role as QIDP, Plaintiff does not supervise other employees, and has no role in hiring, or firing, promoting, or disciplining any staff.

25. Plaintiff advocates on behalf of persons supported by Citizens, but does not manage the operations of Citizens or NYSARC.

26. In her role as QIDP, Plaintiff does not supervise any staff or subordinates.

27. In her role as QIDP / case coordinator, Plaintiff did not affect or control business operations or practices of Citizens or previously, NYSARC.

28. Plaintiff's position was properly designated "non-exempt" by Citizens and, previously, NYSARC.

29. In or around 2019, when Citizens took over the operations of NYSARC, it continued, without change of personnel, services, policies, or procedures, the work of NYSARC.

30. Plaintiff, Sabreena Singh, worked for NYSARC beginning in 2009 through mid 2019, and since mid-2019 she has worked for Citizens, continuously, through the present.

31. At all times relevant to this action, Plaintiff, Sabreena Singh, has worked as a Qualified Intellectual Disability Professional, or QIDP, and her duties were to attend to persons who received support and services from Citizens and, previously, NYSARC.

32. At the time of hire, and again in 2019 when Citizens assumed operations of the NYSARC organization, Plaintiff was advised that her position was hourly, or "non-exempt".

33. At NYSARC (prior to mid-2019), Plaintiff was expected to work forty (40) hours per week, and her hourly rate of pay was approximately $28.00 per hour.

34. When NYSARC transitioned to Citizens, beginning in mid-2019, Plaintiff was informed that she would be required to work thirty-five (35) hours per week, and her hourly rate was increased to $31.87 per hour. Plaintiff was paid for up to thirty-five (35) hours per week, but not more.

35. In 2020, Plaintiff's hourly rate of pay was further increased, to $32.51, and she was paid for up to thirty-five (35) hours per week, but not more.

36. At all times relevant to this action, Plaintiff was required to punch in and out when she began and ended her work.

37.     In fact, Plaintiff has been treated as an exempt employee, and not paid for work performed in excess of forty (40) hours per week prior to mid-2019; and thirty-five (35) hours per week since mid-2019.

38.     Since mid-2019, Plaintiff routinely worked over thirty-five (35) hours per week, but was never compensated for time worked in excess of thirty-five (35) hours per week.

39.     For example, during the week of November 2, 2019 through November 8, 2019, Plaintiff worked forty and one-half (40 ½) hours, and was paid for thirty-five (35) hours, at her regular rate of pay, which was $31.87 per hour.

40.     Similarly, during the week of November 9 through November 15, 2019, Plaintiff worked forty-one and one-half (41 ½) hours, and was paid for thirty-five (35) hours, at her regular rate of pay, which was $31.87 per hour.

41.     Similarly, during the week of January 25, 2020, through January 31, 2020, Plaintiff worked forty-three and three-quarters (43 ¾) hours, and was paid for thirty-five (35) hours, at her regular rate of pay, which was $31.87 per hour.

42.      Similarly, during the week of February 22, 2020, through February 28, 2020, Plaintiff worked forty-eight and one-half (48 ½) hours, and was paid for thirty-five (35) hours, at her regular rate of pay, which was $31.87 per hour.

43.     Throughout Plaintiff's employment by Defendants, she often worked over forty (40) hours per week but did not receive overtime compensation.

44.     Plaintiff punched a clock and was paid bi-weekly for seventy (70) hours, regardless of the actual number of hours she worked; she did not receive an overtime premium for hour worked above forty (40) each week.

45. Beginning in June 2021, Plaintiff was told that she would be required to work one (1) weekend day, two (2) times per month (adding approximately twelve (12) working hours per month), and that she would receive "comp time" the following week, or alternatively, a "sub rate" of pay, but neither her regular rate, nor overtime compensation when her hours exceeded forty (40) hours per week.

46. During Plaintiff's employment, she was paid by check and her wage statement incorrectly indicated she worked exactly seventy (70) hours, rather than the actual number of hours she worked. Work performed above forty (40) hours per week was not paid at time and one-half the Plaintiff's regular rate as required by law.

47. Defendants knowingly and willfully operated the business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff for work performed over forty (40) hours in a workweek.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

48. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "47" of this Complaint as if fully set forth herein.

49. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, the Defendants employed Plaintiff within the meaning of the FLSA.

51. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

52. Plaintiff was entitled to be paid hourly at her regular rate of pay, for all hours worked; and at the rate of time and one-half her regular rate of pay, for hours worked in excess of the maximum hours provided for in the FLSA.

53. At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked, and overtime compensation at time and one-half Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours per workweek.

54. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff for all hours worked, and lawful overtime wages for hours worked in excess of forty (40) per week, when they knew or should have known such was due and that non-payment of such would financially injure Plaintiff.

56. Records concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57. As a direct and proximate result of the Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

58. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages, and prejudgment interest thereon.

59. Plaintiff is entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

60. Defendant, Annmarie Pollard, is an individual who, upon information and belief, manages Citizens, and controls significant business decisions at Citizens, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Ms. Singh, will work.

61. Defendant, Mary Gilleran, is an individual who, upon information and belief, manages Citizens, and controls significant business decisions at Citizens, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Ms. Singh, will work.

62. Defendant, Karen Tanzillo, is an individual who, upon information and belief, manages Citizens, and controls significant business decisions at Citizens, including but not limited to, the decisions of what compensation the employees will receive and the number of hours the employees, including Ms. Singh, will work.

## COUNT II
### [Violation of the New York Labor Law]

63. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

65. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff for all hours worked, and overtime compensation at rates of not less than one and one-half times her regular rate of pay, for each hour worked in excess of forty (40) hours in a workweek.

66. Defendants did not provide Plaintiff with a document or written statement accurately accounting for her actual hours worked, on a weekly basis.

67. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete payroll records.

68. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

69. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "68" of this Complaint as if fully set forth herein.

70. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

71. Plaintiff was not provided with a proper wage notice and wage statements as required by law.

72. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiff, Sabreena Singh, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to the New York Labor Law;

(c) Statutory penalties for violations of the notice and wage statement provisions of the New York Wage Theft Prevention Act, as amended;

(d) An award of prejudgment and post-judgment interest;

(e) An award of costs and expenses of this action with reasonable attorneys' fees;,

(f) Such other and different relief as this Court determines to be just and proper under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
August 30, 2021

                          Respectfully submitted,

                          CILENTI & COOPER, PLLC
                          **Co-counsel for Plaintiff**
                          200 Park Avenue – 17th Floor
                          New York, New York 10166
                          T. (212) 209-3933
                          F. (212) 209-7102
                          E-mail: pcooper@jcpclaw.com

By:       */s/ Peter Hans Cooper*
                          Peter H. Cooper

                          VALIANT LAW
                          **Co-counsel for Plaintiff**
                          75 S. Broadway – Suite 400
                          White Plains, New York 10601
                          T. (914) 595-6702
                          F. (909) 677-2290
                          E-mail : jjj@valiantlaw.com

By:       */s/ Joseph Jeziorkowski*
                          Joseph Jeziorkowski, Esq.

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Sabreena Singh, am an employee employed by Citizens Options Unlimited, Inc., and formerly NYSARC, Inc., a predecessor / related entity. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
       August 30, 2021 , 2021

_____
Sabreena Singh