# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
200 Park Avenue – 17th Floor
New York, New York 10166

Telephone (212) 209-3933
Facsimile (212) 209-7102

February 28, 2022

**REQUEST FOR APPROVAL OF
AN FLSA SETTLEMENT WITH ONE
NAMED DEFENDANT**

**VIA ECF**

Honorable Judge Joan M. Azrack
United States District Court
Eastern District of New York
United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

          Re:    **Sabreena Singh v. Citizens Options Unlimited, Inc.,** *et al.*
                **Case No. 21 Civ. 4878 (JMA) (ARL)**

Dear Judge Azrack,

      Together with Valiant Law, we are co-counsel for the plaintiff in the above-referenced action. We write briefly to describe a settlement with one of the defendants, NYSARC, Inc., reached shortly after court-facilitated mediation with respected mediator Vivien Shelanski, Esq. Based on the period of employment with defendant NYSARC, Inc., the exposure they faced, and the mediator's recommendation and urging, plaintiff accepted a settlement offered by NYSARC, Inc., and will continue the case against the other corporate and individual defendants, only. We write to explain why this settlement with one of the named defendants is appropriate and write to effectuate NYSARC's dismissal from the lawsuit. A copy of the settlement agreement is provided as Exhibit "1".

      This constitutes plaintiff and NYSARC's request that the settlement they reached be approved and that the case be dismissed with prejudice against NYSARC, Inc., *only*.

### Brief Procedural History

      The case was commenced in August 2021 against Citizens Options Unlimited, NYSARC, Inc., and three (3) individuals. [Docket 1]. The settlement only concerns plaintiff's claims against defendant NYSARC, Inc.

As detailed in the complaint, plaintiff worked for NYSARC, Inc., prior to mid-2019, when a successor entity, *to wit*, Citizens Options Unlimited, Inc., became plaintiff's employer and NYSARC, Inc.'s involvement ceased. The case was filed in August 2021, and the federal claims were constrained by a two (2) or three (3) year limitations period (the longer period applicable if plaintiff proves the violations were willful). As such, plaintiff's federal claims against NYSARC, Inc., were limited to her employment between August 2018 through July 2019 (less than one (1) year), only if willfulness were established. And her federal claims are time-barred *in toto* if she could not establish willfulness by a preponderance of the evidence, at trial. Accordingly, the large majority of Plaintiff's unpaid overtime claims arise under the New York Labor Law only.[1]

The parties presented *bona fide* disputes regarding Plaintiff's hours worked and whether Plaintiff was entitled to overtime pay as a matter of law.[2] The parties coordinated with the court-appointed mediator for informal exchange of information and positions, culminating with a full day mediation on January 11, 2022. The mediation itself did not lead to the resolution of any claims, but it flushed out the parties' positions, and within a couple weeks and continued arms-length negotiations thereafter, plaintiff and NYSARC resolved their dispute.

### Settlement between Plaintiff and NYSARC, Inc.

As a portion of plaintiff's action and claims arise under the Fair Labor Standards Act, 29 USC § 216(b) ("FLSA"), such settlement must be approved by this Court. *See, Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. Aug. 7, 2015).

Ms. Singh alleges she worked significantly more than forty (40) hours per week and was improperly classified as exempt from overtime compensation. Defendant NYSARC denied the claims, and presented evidence establishing a *bona fide* dispute regarding Plaintiff's claims.

We calculated Ms. Singh's federal claims to be small because the applicable period was short. Naturally the applicable statutes are fee-shifting, and early settlement benefits the settling parties. The terms of the FLSA Agreement are in accordance with *Cheeks*' admonitions relating to non-economic terms: it has been publicly filed for the purpose of judicial review for fairness,

---

[1] Plaintiff has separately resolved her non-FLSA based claims through a separate agreement, consistent with this Court's past practice as it has observed the supervision requirement does not apply to resolution of New York Labor Law claims, which may be waived by private agreement. *Mejia v. Gulf2Bay Softwash Corp., et al.*, E.D.N.Y. Case No. 19-cv-05286 (JMA)(AKT) (Order dated 08/28/2020)(Azrack, J.); *Tortomas v. Pall Corp.*, No. 18-CV-5098 (JMA)(SIL), 2020 U.S. Dist. LEXIS 97159 (E.D.N.Y. May 31, 2020)(Azrack,J). *See also Wright v. Brae Burn Country Club, Inc.*, 2009 U.S. Dist. LEXIS 26492, 2009 WL 725012, at *4 (S.D.N.Y. Mar. 20, 2009) ("There is no express restriction on the private settlement of waiver of wage and hour claims under New York law."); *Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693, at *14-16 (S.D.N.Y. Mar. 19, 2007)(upholding release of New York Labor Law claims); *Amaya v. Garden City Irrigation, Inc.*, 2011 U.S. Dist. LEXIS 15316, at *4-5 (E.D.N.Y. Feb. 15, 2011) ("The district courts of this circuit have roundly rejected" attempts to extend the FLSA supervision doctrine to claims under New York law). Plaintiff's August 2018 to July 2019 overtime claims were within the limitations period under both laws.

[2] Defendant NYSARC, a non-profit located in Bohemia (LI) also asserted an inability to pay a large judgment.

Honorable Joan M. Azrack, D.J.
February 28, 2022
Page 3

it does not contain any confidentiality or non-disparagement provisions, and the release is limited to FLSA claims.

### Settlement Value / Negotiations

This action is not a collective action nor a class action, so there are no unrepresented/putative plaintiffs.

The parties represent to the Court that the FLSA settlement with NYSARC, in the amount of fifteen thousand dollars ($15,000), is a fair and reasonable resolution of a bona fide dispute reached as a result of extensive review of records, meetings with the parties, and negotiations between the parties, all of whom were assisted by competent counsel at all times.

Of the total settlement, counsel for plaintiff states that plaintiff will receive two-thirds; counsel will receive one-third, net a portion of costs, for filing, service, and mediation.

In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155 at *1 (E.D.N.Y. 2008) (*quoting Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Here, there is no question that that settlement did not come about because of "overreaching" by the employer. Indeed, plaintiff's counsel respectfully submits that this settlement represents a fair outcome with NYSARC, Inc., in the case; and certainly the settling party worked toward settlement in a manner which conserved litigation expenses by avoiding depositions and possible motion practice or additional attorneys' fees. We are pleased to report the cooperation and responsiveness NYSARC, Inc. showed in working toward settlement was appreciated and resulted in an efficient and fair resolution of their dispute.

This settlement was reached as a result of arm's length negotiations considering the risks and benefits of continuing the case against NYSARC, Inc. Mindful that the case will continue against the remaining defendants, we represent to the court that it is an appropriate resolution to dismiss NYSARC, Inc.

Attorneys' fees in FLSA settlements are also examined, to ensure that the interests of plaintiffs' counsel in counsel's own compensation did not adversely affect the extent of the relief counsel procured for the clients. *Wolinsky v. Scholastic*, 900 F.Supp.2d 332, 336 (S.D.N.Y. 2012).

Both the FLSA and the Labor Law provide for awards of attorneys' fees and costs to plaintiffs who prevail on their claims under those statutes. *See* 29 U.S.C. § 216(b) Cilenti & Cooper, PLLC and Valiant Law together incurred over forty-five (45) hours of attorney time, including researching evolving issues of as well as reviewing time and pay records for plaintiff. Plaintiff's counsel have not received any remuneration for their time, or reimbursement of their expenses. We note that plaintiff is represented by two (2) firms who are coordinating with Ms. Singh jointly. Plaintiff's counsel will share the attorneys' fees of one-third (1/3) equally, and we

Honorable Joan M. Azrack, D.J.
February 28, 2022
Page 4

ask the court to take judicial notice that such fee, after six (6) months of litigation, voluminous record exchanges, and a thorough exchange and negotiation during extensive court-ordered mediation, is immensely reasonable.

We respectfully ask this Court to approve the Settlement Agreement with NYSARC, Inc., and dismiss the instant action against NYSARC, Inc., *only*, with prejudice. A proposed order of dismissal is attached hereto as Exhibit "2".

For the foregoing reasons we jointly, and respectfully, ask the court to approve the partial settlement. On behalf Ms. Singh and settling defendant NYSARC, Inc., we thank the court for its consideration of this matter.

Respectfully submitted,

CILENTI & COOPER, PLLC

By: _____

Peter H. Cooper, Esq.

cc: All parties